UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| WILLIAM LEWIS VINTON, III, | ) |
| Plaintiff, | ) Case No. 1:09-cv-707 |
| v. | ) Honorable Robert Holmes Bell |
| CG'S PREP KITCHEN AND CAFÉ, | ) **MEMORANDUM OPINION** |
| Defendant. | ) |

This matter is before the court on plaintiff's motion for the entry of a default judgment. Plaintiff's *pro se* complaint alleges a violation of the Fair Credit Reporting Act, as well as state consumer protection statutes. The complaint alleges that defendant, CG's Prep Kitchen & Café, issued a credit card receipt to plaintiff on April 21, 2009, containing all sixteen digits of plaintiff's credit card number. This is alleged to be a violation of 15 U.S.C. § 1681c(g)(1), which prohibits the printing of a receipt with more than the last five digits of a credit card number. It is also alleged to be a violation of the Michigan Consumer Protection Act, MICH. COMP. LAWS § 445.65, which contains a similar prohibition. The Clerk entered the defendant's default on October 9, 2009. Plaintiff now seeks the entry of a default judgment pursuant to the federal and state statutes cited above.

As the result of the entry of default, the factual allegations of the complaint, except those relating to the amount of damages, are accepted as true. *See Thompson v. Wooster*, 114 U.S. 104 (1885). A default is not an absolute confession by defendant of his liability and of plaintiff's

right to recover, however. Rather, it is merely an admission of the facts set forth in the complaint, which by themselves may or may not be sufficient to establish a defendant's liability. *See Capitol Records v. Rita Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). A default judgment therefore cannot stand on a complaint that fails to state a claim. *Id.*; *accord Collins v. Sovereign Bank*, 482 F. Supp. 2d 235, 242 (D. Conn. 2007). "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted). The plausibility standard requires more than a sheer possibility that a defendant acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.*

In the present case, plaintiff's complaint is insufficient on its face and fails to state a claim upon which relief can be granted under federal law. The complaint alleges that plaintiff was a customer of the defendant's restaurant on April 21, 2009, and used his VISA card for a purchase in the amount of $3.39. He further alleges that when plaintiff received the merchant's copy of the sales craft, that copy contained all sixteen digits of his VISA card. The remainder of the complaint's allegations are addressed to the federal and state statutes that plaintiff contends were violated by defendant's conduct. Because defendant is now in default, the court must accept the foregoing allegations as true, to the extent that they relate to matters of fact.

The Fair Credit Reporting Act creates civil liability for *wilful* noncompliance. 15 U.S.C. § 1681n(a) allows an award of statutory damages against "any person who wilfully fails to

comply with any requirement imposed under this subchapter with respect to any consumer." *See Safeco Ins. Co. of Am. v. Geico*, 551 U.S. 47, 57-58 (2007). Plaintiff's complaint does not allege facts that would plausibly lead one to conclude that defendant acted wilfully in issuing a receipt with all sixteen credit card numbers reflected. Consequently, although the complaint may allege a technical violation of the federal Act, it does not allege facts which, accepted as true, would create civil liability against defendant for wilful noncompliance. Plaintiff has not asserted a claim under 15 U.S.C. § 1681o, nor supplied factual allegations sufficient to support such a claim. *See Beaudry v. Telecheck Servs., Inc.*, 579 F.3d 702, 705-06 (6th Cir. 2009). Plaintiff's complaint therefore fails to state a claim for the award of statutory damages under the Fair Credit Reporting Act.

Plaintiff's complaint likewise fails to state a claim under the Michigan Consumer Protection Act for an award of damages. The Consumer Protection Act allows a person "who suffers a loss as a result of violation of this Act" to bring an action to recover actual damages or $250.00, whichever is greater. MICH. COMP. LAWS § 445.911(2). Plaintiff's complaint does not allege, or even imply, that plaintiff suffered a loss as a result of the printing of extra digits on his receipt. The obvious purpose of the statute is to forestall identity theft. Plaintiff does not allege that the printing of all sixteen digits on his receipt led to identity theft or any other kind of loss. He merely alleges a technical violation of the statute. In the absence of allegations that plaintiff has "suffered a loss," no claim for damages is stated under the Consumer Protection Act.

The court concludes that plaintiff's well-pleaded allegations, accepted as true as the result of the entry of default, fail to state a claim upon which relief can be granted for an award of damages under either the Fair Credit Reporting Act or analogous state law. Because plaintiff is proceeding *in forma pauperis*, his complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2) if

the complaint fails to state a claim upon which relief can be granted. The court is authorized to enter an order of dismissal "at any time" upon determination of the facial invalidity of the complaint. As noted above, plaintiff's complaint alleges only a bare violation of law, without allegations of wilfulness necessary to create a federal claim or allegations of actual loss, necessary to state a claim for damages under state law. An order of dismissal will therefore be entered.


Dated: March 2, 2010                                  /s/ Robert Holmes Bell
                                                                     ROBERT HOLMES BELL
                                                                      UNITED STATES DISTRICT JUDGE