UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| WILLIAM LEWIS VINTON, III, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:09-cv-707 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| CG'S PREP KITCHEN AND CAFÉ, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER DENYING MOTION TO SUPPLEMENT THE RECORD

This was a civil action brought by a *pro se* plaintiff alleging violation of federal and state consumer protection law. In response to plaintiff's motion for the entry of a default judgment, District Judge Robert Holmes Bell reviewed the record and found that the complaint and other information on file failed to state a claim for relief under any of the federal or state statutes invoked by plaintiff. As plaintiff was proceeding *in forma pauperis*, Judge Bell entered an order of dismissal for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2). (*See* Memorandum Opinion and Judgment entered 3/2/2010, docket #s 15, 16). Plaintiff filed a notice of appeal (docket # 17) on March 31, 2010.

Accompanying plaintiff's notice of appeal is a motion to supplement the record. Plaintiff's motion seeks to introduce into the record additional documentary evidence in support of his claim. Requests for modification of the trial court record while a matter is on appeal are governed by Rule 10(e) of the Federal Rules of Appellate Procedure. Rule 10(e) provides as follows:

**(e)** **Correction or Modification of the Record.**

(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

(A) on stipulation of the parties;

(B) by the district court before or after the record has been forwarded; or

(C) by the court of appeals.

(3) All other questions as to the form and content of the record must be presented to the court of appeals.

FED. R. APP. P. 10(e). None of the documents that plaintiff now wishes to place in the record were attached to plaintiff's complaint or subsequent motions, nor were otherwise before the court at the time Judge Bell entered his judgment. Therefore, plaintiff's motion is an effort to inject into the appellate record factual material that was not before the district court.

Under clear Sixth Circuit authority, Rule 10(e) allows amendment of the record on appeal only in two circumstances: "(1) when the parties dispute whether the record actually discloses what occurred in the district court and (2) when a material matter is omitted by error or accident." *United States v. Barrow*, 118 F.3d 482, 487 (6th Cir. 1997). Courts should amend the record under Rule 10(e) only to ensure that the appellate record accurately reflects the record before the district court. 118 F.3d at 487. It should be clear that plaintiff's motion does not seek to ensure that the appellate record accurately reflects the record before this court. Rather, plaintiff is attempting to obtain appellate review of this court's decision on a record different from the one

presented to this court. Numerous Sixth Circuit cases hold that Rule 10(e) may not be used to introduce new evidence in the Court of Appeals. *See, e.g.*, *Howard v. Bouchard*, 405 F.3d 459, 468 (6th Cir. 2005); *United States v. Murdock*, 398 F.3d 491, 500 (6th Cir. 2005); *United States v. Smith*, 344 F.3d 479, 486 (6th Cir. 2003); *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003). "A party may not by-pass the fact-finding process of the lower court and introduce new facts in its brief on appeal." *Inland Bulk Transfer*, 332 F.3d at 1012 (quoting *Sovereign News Co. v. United States*, 690 F.2d 569, 571 (6th Cir. 1982)).

Normally, the record on appeal consists of "the original papers and exhibits filed in the district court," "the transcript of proceedings, if any," and "a certified copy of the docket entries prepared by the district clerk." FED. R. APP. P. 10(a). If certification of the foregoing documents to the appellate court fails somehow to reflect the factual matters considered by the district court, a motion under Rule 10(e) is proper. *Inland Bulk Transfer*, 332 F.3d at 1012. Rule 10(e) does not justify an attempt to add "new material that was never considered by the district court." *Id.*

Under the foregoing authorities, plaintiff's motion must be denied. Accordingly:

IT IS ORDERED that plaintiff's motion to supplement the record (docket # 20) be and hereby is DENIED.

DONE AND ORDERED this 1st day of April, 2010.

/s/ Joseph G. Scoville
United States Magistrate Judge